UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY R. GOMBITA, et al., | ) ) ) | Case No. 1:16CV1024 |
| Plaintiffs, | ) ) | |
| v. | ) ) | JUDGE DONALD NUGENT (Magistrate Judge David A. Ruiz) |
| NATIONSTAR MORTGAGE, LLC, | ) ) ) | |
| Defendant. | ) ) ) | REPORT AND RECOMMENDATION |

RUIZ, Mag. J

The plaintiffs Anthony R. Gombita and Rhonda Gombita ("plaintiffs") filed a suit in the Cuyahoga County (Ohio) Court of Common Pleas against defendant Nationstar Mortgage, LLC ("defendant," or "Nationstar"), alleging breach of contract, unjust enrichment, and for declaratory judgment. (R. 1-1, Complaint.) The complaint was removed to this district court and Defendant Nationstar filed a motion to dismiss under Civil Rule 12(b)(6). (R.1; R. 6.) The plaintiffs have not responded to the motion. In addition, MorEquity, Inc. has filed a motion to intervene as a defendant in the action, alleging an interest in the property that is the subject of the action. (R. 7.) Plaintiffs have not filed a response to MorEquity's motion to intervene.

1

The motion to dismiss (R. 6) and the motion to intervene (R. 7) are now ripe.  Having fully considered the pending motions, pleadings in this action, and applicable law, it is the recommendation of the court that Nationstar's motion to dismiss (R. 6) be granted and MorEquity's motion to intervene (R. 7) be denied as moot.

## I.  THE COMPLAINT

The allegations in the complaint pertain to an underlying consumer mortgage.  According to the complaint, the Gombita plaintiffs signed a Note and Mortgage on January 22, 2004, on the subject property, 27301 Forestview Avenue, Euclid, Ohio (Permanent Parcel No. 645-14-069).  (R. 1-1, Compl., PageID #: 9,¶¶ 10-12; *see* PX A (Note), PageID #: 18-21, and PX B (Mortgage), PageID #: 22- 37.)  The Mortgage was recorded in the Cuyahoga County Recorder's Office on January 27, 2004, as Instrument No. 200401270512.  (R. 1-1, Compl., PageID #: 9, ¶ 13.)  Plaintiffs allege that Nationstar claims ownership, interest and security in the subject property, and improperly filed a foreclosure action in Ohio court of common pleas against the plaintiffs in *MorEquity, Inc. v. Anthony R. Gombita, et al.*, Case No. CV-13-816694 (Cuyahoga Ct. Comm. Pl.  Nov. 5, 2013).  (R. 1-1, Compl., PageID #:10, ¶¶ 17-18.)  Plaintiffs indicate the trial court dismissed that foreclosure action on Nov. 12, 2014.  (*Id.*, PageID #: 10, ¶ 19.)

The plaintiffs' complaint contends that defendant Nationstar "and/or its prior interested entities have alleged an Allonge to Note allegedly transferring interest from AIG Federal Savings Bank to MorEquity, Inc., without the signature or consent of the Plaintiffs."  (R. 1-1, Compl., PageID #: 9, ¶ 14; PX C, PageID #: 38-39.)  The complaint further alleges that defendant executed an Assignment of Mortgage (Instrument No. 200406180106) from AIG Federal Savings Bank to MorEquity, Inc., recorded on June 18, 2004.  (*Id.*, PageID #: 9-10, ¶ 15; PX D,

PageID #: 40-42.)[1]   Plaintiffs contend that the alleged endorsement on the Note and Allonge is invalid and unenforceable, and could not and did not transfer or assign any rights or interest to the defendant.  (R. 1-1, Compl., PageID #: 10, ¶ 20.)  According to plaintiffs, the defendant had no right to initiate the state-court foreclosure proceedings because defendant neither had, nor has the capacity to obtain, a current interest, or to transfer or assign any interest in the subject property.  (*Id.*, PageID #: 10, ¶ 21.)

Plaintiffs further allege that they "were not duly, adequately, or properly notified of the sale, endorsement, assignment, or otherwise."  (R. 1-1, Compl., PageID #: 10, ¶ 22.)  They allege that defendant Nationstar has "forever lost the ability to enforce, control, or otherwise foreclose on the Property, including the right to assign or be assigned the alleged Mortgage and/or endorse the Note."  (*Id.*, PageID #: 11, ¶ 24.)  In addition, plaintiffs claim that, under Ohio and federal law, "the alleged Note and/or Modification can be no more than a non-performing non-secured debt, if even enforceable at law."  (*Id.*, PageID #: 11, ¶ 25.)  Finally, plaintiffs allege that the Note, Mortgage and/or Modification "were unduly confusing and written for the purpose of drawing the Plaintiffs into a default."  (*Id.*, PageID #: 11, ¶ 26.)

Plaintiffs' complaint presented three causes of action, which are summarized below.

### A.  Breach of Contract

The first count in the complaint alleges breach of contract.  (R. 1-1, Compl., PageID #: 11-12, ¶¶ 27-32.)  Plaintiffs contend that defendant, as "an eventual alleged assignee, successor, or alleged holder…materially and substantially breached the written, extended and/or implied

---

[1] In addition, the complaint references a Home Affordable Modification Agreement, between Anthony Gombita and defendant, dated January 21, 2012.  (*Id.*, PageID #: 10, ¶ 16; PX E, PageID #: 43-52.)

terms, obligations, and conditions, if any, in the alleged note and/or mortgage transaction, if determined by the Court to exist." (*Id.*, PageID #: 11, ¶ 28.)

### B. Unjust Enrichment

The second count in the complaint alleges unjust enrichment. (R. 1-1, Compl., PageID #: 12-13, ¶¶ 33-36.) The plaintiffs allege that they each conferred a benefit on defendant, that defendant "knew of and/or solicited such benefits," and defendant retained the benefits under circumstances such that it would be unjust for defendant "to retain without specific performance or other relief." (*Id.*, PageID #: 12, ¶ 34.)

### C. Declaratory Judgment

The third count in the complaint seeks declaratory judgment, pursuant to Ohio Rev. Code Chapter 2721, §§ 2721.03 and 2721.04. (R. 1-1, Compl., PageID #: 13-15, ¶¶ 37-50.) The plaintiffs allege that there is a real controversy between the parties which is justiciable in character, and speedy relief is necessary to preserve the rights and interests of the plaintiffs. (*Id.*, PageID #: 13, ¶ 41.)

The plaintiffs state that, on February 29, 2016, they sent defendant a letter to rescind their 2004 mortgage loan and note. (R. 1-1, Compl., PageID #: 14, ¶¶ 44-46; PX F, PageID #: 53-56.) The letter asserts that the defendant did not provide the plaintiffs with the disclosures required under the Truth in Lending Act (TILA). (R. 1-1, Compl., PageID #: 14, ¶ 46; PX F, PageID #: 54.) According to plaintiffs, the defendant has refused to honor plaintiffs' "unconditional right . . . to rescind the Note and/or Mortgage and/or Modification obligations, if any." (*Id.*, PageID #: 14, ¶ 47.) In addition, plaintiffs contend that the defendant has failed to disclose details of the loan and all subsequent interests. (*Id.*, PageID #: 14, ¶ 48.)

II. MOTION TO DISMISS

On May 5, 2016, defendant Nationstar filed a motion to dismiss moving the court to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (R. 6.)  The plaintiffs have not responded to the motion.

Under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations as true, and analyzes the complaint to determine whether it states a plausible claim for relief.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Albrecht v. Treaon*, 617 F.3d 890, 893 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *Central States Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997). Moreover, the allegations in a complaint drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers, and they will be liberally construed. *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).  The Supreme Court explained the governing principles as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id*. at 555.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

*Iqbal*, 556 U.S. at 677-78. *See, also*, *Amick v. Ohio Dep't of Rehab. & Corr.*, No. 12-3515, 2013 WL 1223570, at *2 (6th Cir. Mar. 27, 2013); *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008) (plausibility standard). In other words,"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Supreme Court has noted that "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8. The function of the court in ruling on such a motion is not to weigh the evidence, nor to appraise the credibility of witnesses. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, the court considering a motion to dismiss is to determine "whether a complaint states a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

A. Nationstar's Motion

Nationstar moves to dismiss the complaint on several grounds:

(1) the complaint is nothing more than a number of factually unsupported conclusory statements, which fails to comply with the pleading standards under the Rules;

(2) the plaintiffs lack standing to challenge the transfer and negotiation of their mortgage loan; and

(3) the claims of breach of contract, unjust enrichment, and for declaratory judgment fail as a matter of law.

(R. 6.)

1.  First claim:  Breach of contract

Nationstar contends that plaintiffs' complaint "is nothing more than a laundry list of conclusory statements strung together with no factual support," in contravention of *Iqbal* and *Twombly*.  (R. 6, PageID #: 85.)  The defendant indicates that the first count in the complaint alleges that defendant breached the terms and conditions of the Note or mortgage transaction, but plaintiffs did not allege how Nationstar breached either agreement, or more fundamentally, which provision was breached.  *Id.* at 85-86.

To survive a motion to dismiss, the complaint must set forth grounds entitling plaintiffs to relief, which requires more than "a formulaic recitation of the elements of a cause of action." *Casden v. Burns*, No. 07-4067, 2009 WL 103620, at *6 (6th Cir. Jan. 16, 2009) (quoting *Twombly*, 550 U.S. at 555).  Although plaintiffs as *pro se* litigants are held to less stringent pleading standards, they must plead more than bare conclusory assertions. The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Ayers v. John Does 1-10*, No. C1-94-285, 1995 WL 313681, at *1 (S.D. Ohio Feb. 28, 1995) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

The court is not required to manufacture allegations that are not pled.  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979); *Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th

Cir. Jan. 31, 2011) (quoting *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)); *Ayers*, 1995 WL 313681, at *1; *Abdool-Rashaad v. Seiter*, 690 F.Supp. 598, 599 (S.D. Ohio 1987).  Here, the plaintiffs' complaint lacks any relevant factual allegations that plausibly state a breach of contract claim against the defendant, even after liberally construing the complaint's allegations in plaintiffs' favor.  *See generally*  R. 1-1, Compl., PageID #: 11-12, ¶¶ 27-32.  The complaint does not include any factual statements identifying the terms, conditions or provisions of the parties' agreement that Nationstar allegedly breached or how Nationstar breached any agreement with plaintiffs.  Taken as a whole and construing the allegations in plaintiffs' favor, the complaint lacks sufficient factual allegations to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  The first claim, therefore, should be dismissed for failure to state a claim upon which relief can be granted.

The defendant argues in the alternative that plaintiffs "lack standing to challenge the transfer or negotiation of a promissory note and mortgage since they were not parties to such transfers."  (R. 6, PageID #: 87.)  Most of the cases that defendant cites in support of that proposition discuss the application of Michigan law, but the legal proposition itself is fairly noncontroversial.  One case notes that, "for over a century, state and federal courts around the country have applied similar reasoning to hold that a litigant who is not a party to an assignment lacks standing to challenge that assignment."  *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp.2d 724, 736-737 (E.D. Mich.), *aff'd*, 2010 WL 4275305  (6th Cir. Oct. 28, 2010), *cert. denied,* 562 U.S. 1288 (2011) (discussing cases).

An extended discussion of the standing issue is unnecessary, however, because the court finds that the first claim should be dismissed for failure to state a claim.

### 2.  Second claim:  Unjust enrichment

The defendant argues that the plaintiffs' second claim—unjust enrichment—simply provides the elements of that cause of action, without alleging what benefit was conferred on Nationstar or why it would be unjust for the defendant to retain the (unidentified) benefit.  (R. 6, PageID #: 86.)  Again, the court finds merit in defendant's argument.  Although the plaintiffs' allegations reference a "benefit" to defendants, the complaint does not present factual allegations identifying the alleged benefit provided.  *See generally*  R. 1-1, Compl., PageID #: 12, ¶ 34.  The complaint lacks any relevant factual allegations that plausibly state a claim for unjust enrichment against the defendant.  The second claim should be dismissed for failure to state a claim upon which relief can be granted.

Plaintiffs' unjust enrichment claim fails for another even more fundamental reason.  Because the complaint alleges that the parties' relationship is governed by a written contract, the plaintiffs cannot maintain a claim for unjust enrichment.  Where, as in this case, a contract governs the parties' relationship, recovery under an unjust enrichment theory is precluded because, absent evidence of fraud, illegality, or bad faith, the terms of the contractual agreement govern the parties' relationship.  *Eyerman v. Mary Kay Cosmetics, Inc.*, 967 F.2d 213, 222 (6th Cir. 1992); *Gascho v. Global Fitness Holdings, LLC*, 863 F. Supp.2d 677, 699 (S.D. Ohio 2012); *Aultman Hosp. Ass'n v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 55, 544 N.E.2d 920, 924 (1989).  The defendant's motion to dismiss the unjust enrichment claim, therefore, should be granted because that claim is not actionable.

### 3. Third claim: Declaratory judgment

Plaintiffs' claim for declaratory judgment is grounded in Ohio law.[2] (R. 1-1, Compl., PageID #: 13, ¶ 39, citing Ohio Rev. Code Chapter 2721, §§ 2721.03 and 2721.04.) Nationstar argues that plaintiff's declaratory judgment claim "is nothing but a recitation of the elements of such a claim devoid of any factual support." (R. 6, PageID #: 86.) Nationstar further contends that the declaratory judgment claim should be dismissed because (1) it impermissibly seeks an advisory opinion and (2) to the extent it seeks an order permitting plaintiffs to rescind the mortgage and note, it is barred by the applicable statute of limitations under Truth in Lending Act. (*Id.*, at 90-93.)

According to the motion to dismiss, the plaintiffs have failed to identify any existing harm or "real controversy" between the parties, why it is justiciable, and why speedy relief is necessary to resolve the "unidentified dispute." *Id.* The defendant claims that the plaintiffs do not allege that Nationstar has filed a foreclosure action against them, or has otherwise sought to enforce the Note and Mortgage in its own name. (R. 6, PageID #: 91.)

The plaintiffs have alleged, however, that the defendant "improperly and without right filed a foreclosure against the Plaintiffs" in November 2013, and that such foreclosure action was dismissed by the state court. (R. 1-1, Compl., PageID #: 10, ¶¶ 18-19.) In addition, the complaint indicates that plaintiffs "continue to struggle to seek in the form of a declaration as to the respective rights and obligations of the parties, in the form of accurate and appropriate interest rate calculations and/or payment, to include determination, clarification, credits,

---

[2] Plaintiffs filed their complaint in state court, and defendants subsequently removed the action to this federal court.

10

recoupment and/or reimbursement, and the ceasing and desisting of the acts and conduct of the Defendant...." (R. 1-1, Compl., PageID #: 13-14, ¶ 42.) Further, plaintiffs allege that they have been tendering payments under the agreements for several years, and seek reimbursement and/or rescission. (*Id.*, PageID #: 12, 15, ¶¶ 31, 49.) They contend that the defendant has improperly refused to honor plaintiffs' "unconditional right to rescind the Note and/or Mortgage and/or Modification obligations, if any." (*Id.*, PageID #: 14, ¶ 47.)

For the purposes of analyzing the motion to dismiss, the court accepts all factual allegations as true. *Erickson*, 551 U.S. at 94; *Central States Pension Fund*, 112 F.3d at 255. At this stage, the court must simply determine "whether a complaint states a plausible claim for relief." *Iqbal*, 556 U.S. at 679. The complaint may not be dismissed based on the court's assessment that the plaintiffs may fail to find evidentiary support for their allegations or prove their claim to the satisfaction of the factfinder. *Twombly*, 550 U.S. at 563 n.8. Nor is it the function of the court, in ruling on such a motion, to weigh the evidence. *Miller*, 50 F.3d at 377.

To the extent that plaintiffs' complaint simply sought a declaratory judgment regarding the unspecified "rights and obligations of the parties," or requested an "accurate and appropriate interest rate calculations and/or payment" accounting pursuant to unspecified contractual provisions or legal requirements (R. 1-1, Compl., PageID #: 13-14, ¶ 42), the complaint would not identify a real controversy between the parties and the court could not construe the complaint as raising a plausible declaratory judgment claim. As such, to the extent plaintiffs' complaint seeks an unspecified declaratory judgment opinion regarding unspecified contractual interest provisions or unspecified payment accounting requirements, such a claim should be dismissed

11

for failure to state a plausible claim in accordance with *Iqbal* and *Twombly*. *See generally Iqbal*, 556 U.S. at 678-679; *Twombly*, 550 U.S. 554-555.

The analysis, however, does not stop at that determination because the complaint alleges a separate declaratory judgment theory pertaining to plaintiffs' attempt to rescind their mortgage, Note and/or "modification obligations." (R. 1-1, Compl., PageID #: 14, ¶¶ 44-48.) According to the complaint, plaintiffs signed the underlying Note and mortgage on January 22, 2004. *Id.*, PageID #: 14, ¶¶ 11-12. On or about February 29, 2016, they sent the defendant a written letter to rescind, which they allege in the complaint was properly served and executed within the applicable statute of limitations. (*Id.*, PageID #: 14, ¶¶ 44-46.) They allege that defendant refused to honor plaintiffs' "unconditional right . . . to rescind the Note and/or Mortgage and/or Modification obligations, if any." (*Id.*, at ¶ 47.) The plaintiffs seek declaratory judgment to obtain "a binding judicial interpretation, construction, legality, and enforcement of the agreement" between the parties, as well as "a declaration as to the respective rights and obligations of the parties." (R. 1-1, Compl., PageID #: 13, ¶¶ 38, 42.) They also seek damages, rescission, and other relief. (*Id.*, PageID #: 12, 15, ¶¶ 31, 49.) Viewing the complaint in the light most favorable to the *pro se* plaintiffs and construing their complaint liberally, the court finds that the third count of the complaint alleges a controversy between the parties, namely, concerning the legal effect of the plaintiffs' alleged February 29, 2016, letter to rescind. As such, the third claim would survive defendant's motion to dismiss if that was the only argument for dismissal. Although the plaintiffs' factual allegations supporting this rescission theory are less bare than those pertaining to their other claims, plaintiff's declaratory judgment claim should be dismissed because it is barred by the applicable statute of limitations.

Nationstar contends that the third claim must be dismissed to the extent it is predicated on an alleged violation of the Truth in Lending Act ("TILA"), because such a claim is barred by the Act's statute of limitations. (R. 6, PageID #: 92-93.) TILA "gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling." *Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp.2d 835, 842 (N.D. Ohio 2010) (quoting 12 C.F.R. § 226.1(b)). Ordinarily, under TILA, a borrower has three days to rescind a loan transaction. *Stallman v. Countrywide Home Loans, Inc.*, No. 1:10CV1006, 2011 WL 400103, at *4 (N.D. Ohio Feb. 1, 2011).

A claim for damages for TILA violations must be filed within one year from the date of the occurrence of the violation. *Stallman*, 2011 WL 400103, at *4 (citing 15 U.S.C. § 1640(e)); *Girgis*, 733 F. Supp. 2d at 842. The statute of limitations begins to run "when lender and borrower contract for the extension of credit." *Girgis*, 733 F. Supp. 2d at 844 (quoting *Gates v. Ohio Savings Bank Ass'n*, 2007 WL 2713897 at *3 (N.D. Ohio Sept. 17, 2007)); *see also Roache v. Huron Valley Fin.*, No. 3:10CV0538, 2010 WL 1796099, at *1-*2 (N.D. Ohio May 5, 2010) (mortgage loan deemed consummated at closing).

Where the disclosures required by TILA are never made, however, the borrower has a continuing right to rescind beyond the normal period. The right to rescind, in that context, would expire three years after the date of the consummation of the transaction (or upon sale of the property, whichever occurs first). *Stallman*, 2011 WL 400103, at *4 (citing 15 U.S.C. § 1635(f)); *Roache*, 2010 WL 1796099, at *1-*2. Further, the statute of limitations begins to run on the date of the alleged violation, which occurs when a creditor fails to make TILA's required

disclosures before closing the loan transaction. *Girgis*, 733 F. Supp. 2d at 844 (citing *Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973)).

The complaint alleges that the Plaintiffs executed their Note and Mortgage on January 22, 2004. (R. 1-1, Compl., PageID #: 9, ¶¶ 11-12.) Thus, construing plaintiffs' allegations that the requisite disclosures were not made, in the light most favorable to plaintiffs, (R. 1-1, Compl., PageID #: 14, ¶ 46), the applicable three year statute of limitations would have expired January 22, 2007. The complaint, however, alleges that the plaintiffs sent their Rescind Letter on February 29, 2016. (R. 1-1, Compl., PageID #: 14, ¶¶ 44-46; PX F, PageID #: 53-56.) As defendant notes, this is years beyond the expiration of the TILA statute of limitations. (R. 6, PageID #: 93.)

The Sixth Circuit has held that if a complaint is not filed within the time period prescribed by the TILA statute of limitations, this court has no jurisdiction to entertain it. *Roache*, 2010 WL 1796099, at *1-*2 (citing *Rust v. Quality Car Corral*, 614 F.2d 1118, 1119 (6th Cir. 1980)). The statute of limitations for Plaintiffs to exercise their right to rescind the Mortgage and Note expired on January 22, 2007, almost nine years before Plaintiffs attempted to rescind those agreements. The motion to dismiss, therefore, should be granted as to the third claim because it is barred by the applicable TILA statute of limitations. *Id.* (citing *Golliday v. First Direct Mortg. Co., Inc.*, 2009 WL 5216141, at *4 (W.D. Mich. Dec. 29, 2009)).

### III. RECOMMENDATION

After reviewing the pertinent filings by the parties and analyzing the applicable law, the undersigned recommends that defendant Nationstar's motion to dismiss (R. 6) should be granted.

The first and second claims should be dismissed for failure to state a claim upon which relief can be granted.  The complaint lacks any relevant factual allegations that plausibly state a claim for breach of contract or unjust enrichment against the defendant.

The motion to dismiss should also be granted as to the third claim, on the basis that the claim for declaratory judgment rests on the defendant's alleged failure to honor the plaintiffs' letter to rescind, which claim is barred by the relevant TILA statute of limitations.

Non-party MorEquity, Inc.'s motion to intervene (R. 7) as defendant in this action should be denied as moot.


Dated:  Nov. 22, 2016                    /s/    David A. Ruiz
                                         David A. Ruiz
                                         United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).