UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY R. GOMBITA, et al., | CASE NO. 1:16-CV-1024 |
| Plaintiffs, | JUDGE DONALD C. NUGENT |
| v. | Magistrate Judge David A. Ruiz |
| NATIONSTAR MORTGAGE, LLC, | MEMORANDUM OPINION |
| Defendant. | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Ruiz. The Report and Recommendation (ECF #9), filed on November 22, 2016, is hereby ADOPTED by this Court. Plaintiffs' objections, (ECF #10), filed on December 5, 2016, and MorEquity, Inc.'s objection, (ECF #11), filed on December 6, 2016, are OVERRULED. Defendant's motion to dismiss is GRANTED and MorEquity's motion to intervene is DENIED.

## I. Factual and Procedural History

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

The plaintiffs Anthony R. Gombita and Rhonda Gombita ("Plaintiffs") filed a suit in Cuyahoga County Court of Common Pleas against defendant Nationstar Mortgage, LLC ("Defendant"), alleging breach of contract, unjust enrichment, and for declaratory judgement. (ECF #9 citing R. 1-1, Complaint.) The complaint was removed to this district court and Defendant filed a motion to dismiss under Civil Rule 12(b)(6). (ECF #9 citing R. 1; R. 6.) In addition, MorEquity, Inc. filed a motion to intervene as a defendant in the action. (ECF #9 citing

R. 7.)

On November 22, 2016, the Magistrate Judge issued his Report and Recommendation. (ECF #9). The Magistrate Judge recommends the Defendant's motion to dismiss be granted. (*Id.*) He states that the first and second claim should be dismissed as the complaint lacks any relevant factual allegations that plausibly state a claim for breach of contract or unjust enrichment. (*Id.*) The Magistrate Judge also recommends the third claim be dismissed as it both fails to state a plausible claim and is barred by the relevant TILA statute of limitations. (*Id.*) Finally, he recommends MorEquity's motion to intervene be denied as moot. (*Id*).

On December 5, 2016, Plaintiffs objected to the Magistrate Judge's Report and Recommendation by arguing that the claims set forth in the complaint are both timely and sufficient to overcome a Civil Rule 12(b)(6) motion. (ECF #10). On December 6, 2016, MorEquity, Inc. objected to the Report and Recommendation alleging that it has a right to intervene in this action and assert claims against Plaintiffs. (ECF #11). On December 13, 2016, Defendant responded to Plaintiffs' objections to the Report and Recommendation. (ECF #12).

**II. Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Accordingly, the Court will review the Report and Recommendation, to which timely objections have been filed, de novo.

### III. Discussion

The Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made. *See* FED. R. CIV. P. 72(b). The Court finds Magistrate Judge Ruiz's Report and Recommendation to be thorough, well-written, well-supported, and correct. The Court finds Plaintiffs' and MorEquity's objections raise no arguments that have not been fully addressed by the Report and Recommendation. Therefore, the Court adopts the Report and Recommendation in full.

<u>A. Plaintiffs' Claims for Breach of Contract, Unjust Enrichment, and Declaratory Judgment Fail to Overcome Defendant's 12(b)(6) Motion.</u>

Plaintiffs' complaint lacks relevant factual allegations that plausibly state claims for breach of contract, unjust enrichment, or declaratory judgment. Under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations as true, and analyzes the complaint to determine whether it states a plausible claim for relief. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Albrecht v. Treaon*, 617 F.3d 890, 893 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *Central States Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997). Moreover, the allegations in a complaint drafted by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, and they will be liberally construed. *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at

3

678 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). The Supreme Court explained the governing principles as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]"devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Iqbal*, 556 U.S. at 677-78. *See*, also, *Amick v. Ohio Dep't of Rehab. & Corr.*, No. 12-3515, 2013 WL 1223570, at *2 (6th Cir. Mar. 27, 2013); *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008) (plausibility standard). In other words,"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### 1. Breach of Contract

Plaintiffs' claim for breach of contract does not include any factual statements identifying which conditions or provisions of the agreement Defendant allegedly breached. Neither does it explain how Defendant breached the agreement. Construing the complaint in Plaintiffs' favor, it lacks sufficient factual allegations to state a plausible claim for relief, and therefore Defendant's

motion to dismiss the breach of contract claim is granted.

### 2. Unjust Enrichment

The complaint lacks any relevant factual allegations that plausibly state a claim for unjust enrichment against Defendant. Plaintiffs' claim for unjust enrichment fails to present factual allegations identifying what alleged benefit Defendant received. Additionally, because the complaint alleges that the parties' relationship is governed by a written contract, Plaintiffs cannot maintain a claim for unjust enrichment. Where, as in this case, a contract governs the parties' relationship, recovery under an unjust enrichment theory is precluded because, absent evidence of fraud, illegality, or bad faith, the terms of the contractual agreement govern the parties' relationship. *Eyerman v. Mary Kay Cosmetics, Inc.*, 967 F.2d 213, 222 (6th Cir. 1992); *Gascho v. Global Fitness Holdings, LLC*, 863 F. Supp.2d 677, 699 (S.D. Ohio 2012); *Aultman Hosp. Ass'n v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 55, 544 N.E.2d 920, 924 (1989). Defendant's motion to dismiss the unjust enrichment claim, therefore, is granted because that claim is not actionable.

### 3. Declaratory Judgement Pertaining to the Unspecified "Rights and Obligations of the Parties"

To the extent that Plaintiffs' complaint sought a declaratory judgment regarding the unspecified "rights and obligations of the parties," or requested an "accurate and appropriate interest rate calculations and/or payment" accounting pursuant to unspecified contractual provisions or legal requirements ®. 1-1, Compl., PageID #: 13-14, ¶ 42), the complaint would not identify a real controversy between the parties and the Court could not construe the complaint as raising a plausible declaratory judgment claim. As such, Plaintiffs' complaint seeks an

5

unspecified declaratory judgment opinion regarding unspecified contractual interest provisions or unspecified payment accounting requirements. Plaintiffs fail to state a plausible claim and therefore, Defendant's motion to dismiss this declaratory judgement claim is granted.

B. Plaintiffs' Claim for Declaratory Judgment Pertaining to the Attempt to Rescind Their Mortgage is Barred by the Truth in Lending Act (TILA) Statute of Limitations.

Plaintiffs did not file this complaint within the time constraint of TILA. A claim for damages for TILA violations must be filed within one year from the date of the occurrence of the violation. *Stallman v. Countrywide Home Loans, Inc.*, No. 1:10CV1006, 2011 WL 400103, at *4 (N.D. Ohio Feb.1, 2011) (citing 15 U.S.C. § 1640(e)); *Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 842 (N.D. Ohio 2010). The statute of limitations begins to run "when lender and borrower contract for the extension of credit." *Girgis*, 733 F. Supp. 2d at 844 (quoting *Gates v. Ohio Savings Bank Ass'n*, 2007 WL 2713897 at *3 (N.D. Ohio Sept. 17, 2007)); see also *Roache v. Huron Valley Fin.*, No. 3:10CV0538, 2010 WL 1796099, at *1-*2 (N.D. Ohio May 5, 2010) (mortgage loan deemed consummated at closing).

Where the disclosures required by TILA are never made, however, the borrower has a continuing right to rescind beyond the normal period. The right to rescind, in that context, would expire three years after the date of the consummation of the transaction (or upon sale of the property, whichever occurs first). *Stallman*, 2011 WL 400103, at *4 (citing 15 U.S.C. § 1635(f)); *Roache*, 2010 WL 1796099, at *1-*2. Further, the statute of limitations begins to run on the date of the alleged violation, which occurs when a creditor fails to make TILA's required disclosures before closing the loan transaction. *Girgis*, 733 F. Supp. 2d at 844 (citing *Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973)).

The complaint alleges that the Plaintiffs executed their Note and Mortgage on January 22, 2004. ®. 1-1, Compl., PageID #: 9, ¶¶ 11-12.) Thus, construing Plaintiffs' allegations that the requisite disclosures were not made, in the light most favorable to Plaintiffs, ®. 1-1, Compl., PageID #: 14, ¶ 46), the applicable three year statute of limitations would have expired January 22, 2007. The complaint, however, alleges that Plaintiffs sent their Rescind Letter on February 29, 2016. ®. 1-1, Compl., PageID #: 14, ¶¶ 44-46; PX F, PageID #: 53-56.) This is nine years beyond the expiration of the TILA statute of limitations. ®. 6, PageID #: 93.)

The Sixth Circuit has held that if a complaint is not filed within the time period prescribed by the TILA statute of limitations, this court has no jurisdiction to entertain it. *Roache*, 2010 WL 1796099, at *1-*2 (citing *Rust v. Quality Car Corral*, 614 F.2d 1118, 1119 (6th Cir. 1980)). Therefore, Defendant's motion to dismiss this declaratory judgment is granted.

## C. MorEquity's Motion to Intervene is Moot.

Article III of the United States Constitution empowers the Court to hear true "cases and controversies." U.S. Const. Art. III. The United States Supreme Court stated that the duty of the federal courts "is to decide actual controversies by a judgment which can be carried into effect, and not give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Mills v. Green*, 159 U.S. 651, 653 (1895). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

There is no longer an actual case or controversy for MorEquity to intervene in as a defendant. The issues in this case are no longer "live" as they have all been dismissed. Hence,

MorEquity's motion to intervene is moot and therefore, denied.

## IV. Conclusion

This Court has reviewed Magistrate Judge Ruiz's Report and Recommendation. Following a thorough evaluation of the record, this Court adopts Magistrate Judge Ruiz's findings of fact and conclusions of law as its own.

The Report and Recommendation (ECF #9) is hereby ADOPTED. Plaintiffs' objections, (ECF #10), and MorEquity, Inc.'s objection, (ECF #11), are OVERRULED. Defendant's motion to dismiss is GRANTED and MorEquity's motion to intervene is DENIED.

IT IS SO ORDERED.

_Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: January 25, 2017